MARY TAUBER, Respondent, v. HOME OWNERS' LOAN CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained as the

result of the alleged negligence of defendant in maintaining a defective stairway which was inadequately lighted, order granting plaintiff's motion and setting aside a verdict for defendant on the ground that it was against the weight of the evidence and contrary to law, reversed on the law and the facts, without costs, the motion denied, and the verdict reinstated, without costs. In the light of the statement of the trial court at folios 446–450, we have given close attention to the requests to charge and have come to the conclusion that in making them the attorney did so in the proper exercise of his duty and not for the purpose of confusing the issues. In the main, the requests constituted an appropriate amplification of the charge of the court and, under the circumstances, were not unduly lengthy. The only request which did not embody sound and applicable law, or present a substantial question, was one which was made by manifest inadvertence and might, standing by itself, be construed as indicating that the cause of the accident was the protrusion of a nail. It could have been corrected at the time if called to the attention of the court. In the light of the failure to note an exception, and the setting of this request in conjunction with others on the subject of actionable defects, we are of opinion that the verdict should not be disturbed because of the erroneous statement in this one request. Close, P. J., Hagarty, Adel and Aldrich, JJ., concur; Carswell, J., not voting.